**FILED**

**JANUARY 29, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**08 C 618**

| | | |
|---|---|---|
| KIM STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| Unknown Chicago Police Officers | ) | |
| John Does and Jane Roes 1-3; | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**JUDGE CASTILLO**
**MAGISTRATE JUDGE BROWN**

## COMPLAINT

1.    This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2.    Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.    Plaintiff is a resident of Chicago, Illinois.

5.    Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.    The Defendant-Officers are sued in their individual capacities.

7.    Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8.    On or about April 28, 2007, Plaintiff was riding her bike on South Cottage Grove Avenue in Chicago.

9.    At one point, Plaintiff rode past some police officers, unknown Defendants herein. After she got past them, they shined a light on her.

10.     Plaintiff asked the Defendant-Officers why they were doing that.

11.     The female officer told Plaintiff that they wanted to speak to her.

12.     Plaintiff again asked why.

13.     The male officer then approached Plaintiff and asked her where she was going and who her bike belonged to. He also asked Plaintiff her name and requested identification.

14.     Plaintiff was seized and not free to leave.

15.     Defendant-Officers did not have a reasonable suspicion of criminal activity or any other legal justification to seize Plaintiff.

16.     Plaintiff asked the Defendant-Officers what the problem was.

17.     The male officer said he was looking for a stolen bike.

18.     The male officer asked Plaintiff if she had ever been arrested.

19.     The male officer demanded that Plaintiff give him her cell phone.

20.     Plaintiff refused to give the officer her cell phone.

21.     The male officer grabbed Plaintiff then threw her against his squad car. He also pulled her left wrist behind her back and twisted on it.

22.     The officer threw Plaintiff to the ground.

23.     Plaintiff tried to call 911 but the female officer took Plaintiff's phone.

24.     The male officer then handcuffed Plaintiff and lifted her off the ground.

25.     The officer intentionally put the handcuffs on Plaintiff excessively tight, which caused Plaintiff extreme pain and emotional distress.

26.     Plaintiff was searched. No contraband or evidence of criminal activity was found.

27.     Plaintiff was put in the back of a squad car.

28.     After a while an officer in a white-shirt arrived and told Plaintiff that she was going to be charged for riding her bike on the sidewalk.

29.     Plaintiff was then transported to the district police station. She was later released and given back her bike.

30.     When she was released from police custody, first Plaintiff went home. After that she then went to Jackson Park Hospital to get treatment for the injuries she received from the Defendant-Officers when they arrested her.

31.     Plaintiff was charged with riding her bike on a sidewalk. The case was docketed in the Cook County Circuit Court as: City of Chicago v. Kim Stewart, citation number TM-586-

649.

32.     Plaintiff had not rode her bike on the sidewalk.

33.     Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

34.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

35.     Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

36.     Defendant-Officers did not have a reasonable suspicion, supported by specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

37.     The seizure of Plaintiff without reasonable suspicion or any other legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers,

b)     Award compensatory and punitive damages, as determined at trial,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

38.     Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

39.     Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officers,

b)     Award compensatory and punitive damages, as determined at trial,

c)     Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

40.     Plaintiff realleges paragraphs 1 through 34 as if fully set forth herein.

41.     While Plaintiff was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

42.     Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award compensatory and punitive damages, as determined at trial,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

43.     The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

44.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

4

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595