# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KIM STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 618 |
| | ) | |
| vs. | ) | Judge Castillo |
| | ) | Magistrate Judge Brown |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| JOHN DALEASON, Star 5392, and | ) | |
| CYNTHIA DUARTE, Star 7941 | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Chicago, Illinois.

5. Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8. On or about April 28, 2007, Plaintiff was riding her bike on South Cottage Grove Avenue in Chicago.

9. Plaintiff rode her bike past Defendants DALEASON and DUARTE. The Defendants shined a light on her.

10. Plaintiff asked the Defendant-Officers why they were doing that.

11. Defendant DUARTE told Plaintiff that they wanted to speak to her.

12. Plaintiff asked them why.

13. Defendant DALEASON then approached Plaintiff and asked her where she was going and who her bike belonged to. DALEASON also asked Plaintiff her name and requested identification.

14. Plaintiff was seized and not free to leave.

15. Defendant-Officers did not have a reasonable suspicion of criminal activity or any other legal justification to seize Plaintiff.

16. Plaintiff asked the Defendant-Officers what the problem was.

17. DALEASON said he was looking for a stolen bike.

18. DALEASON asked Plaintiff if she had ever been arrested.

19. DALEASON demanded that Plaintiff give him her cell phone.

20. Plaintiff refused to give DALEASON her cell phone.

21. DALEASON grabbed Plaintiff and threw her against his squad car. DALEASON also pulled Plaintiff's left wrist behind her back and twisted on it. DALEASON then threw Plaintiff to the ground.

22. Plaintiff tried to call 911 but DUARTE took Plaintiff's phone.

23. DALEASON handcuffed Plaintiff and lifted her off the ground.

24. DALEASON intentionally put the handcuffs on Plaintiff excessively tight, which caused Plaintiff emotional distress and pain.

25. Plaintiff was searched. No contraband or evidence of criminal activity was found.

26. Plaintiff was put in the back of a squad car.

27. An officer in a white-shirt later arrived; he told Plaintiff that she was going to be charged for riding her bike on the sidewalk.

28. Plaintiff was then transported to a police station. She was later released and given her bike.

29. First Plaintiff went home when she was released from police custody. She later went to Jackson Park Hospital to get treatment for the injuries she received from the Defendant-Officers during the arrest.

30. Plaintiff was charged with riding her bike on a sidewalk. The case was docketed in the Cook County Circuit Court as: City of Chicago v. Kim Stewart, citation number TM-586-649.

31. The charges were false and malicious. Plaintiff had not rode her bike on the sidewalk.

32. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

33. As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

34. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

35. Defendant-Officers did not have a reasonable suspicion, supported by specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

36. The seizure of Plaintiff without reasonable suspicion or any other legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

37. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

38. Defendant DALEASON violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable

force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant DALEASON,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT III
### (42 U.S.C. § 1983 – Failure to Intervene)

39. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

40. While Plaintiff was subjected to excessive force as described above, DUARTE had an opportunity to intervene, but chose not to intervene.

41. Defendant DUARTE was deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant DUARTE,

b) Award compensatory and punitive damages, as determined at trial,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

42. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

43. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

                                                     Respectfully submitted,

                                                   /s/ Lawrence V. Jackowiak
                                                 *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595