# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KIM STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  08 C 618 |
| | ) | |
| CITY OF CHICAGO, | ) | JUDGE CASTILLO |
| Chicago Police Officers | ) | MAGISTRATE JUDGE BROWN |
| JOHN DALEASON, Star 5392, and | ) | |
| CYNTHIA DUARTE, Star 7941 | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S
## FIRST AMENDED COMPLAINT

_____Defendant Officers John Dalcason and Cynthia Duarte, by their attorney, Mary S.

McDonald, Assistant Corporation Counsel, and the City of Chicago, by its attorney, Mara S.

Georges, Corporation Counsel, hereby submit the following answer to Plaintiff's complaint,

affirmative defenses, 12(b)(6) defenses and jury demand as follows:

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants admit this action is brought pursuant to 42 U.S.C. § 1983, and

the Fourth and Fourteenth Amendments to the United States Constitution.


2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and

1343(a).

**ANSWER:** Defendants admit that jurisdiction is proper, but deny any wrongful or illegal

conduct.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims
arose in this district as alleged below.

**ANSWER:** Defendants admit that venue is proper, but deny any wrongful or illegal

conduct.

## Parties

4.      Plaintiff is a resident of Chicago, Illinois.

**ANSWER:** Upon information and belief, Defendants admit the allegations of this

paragraph.

5.      Defendant police officers are duly appointed and sworn Chicago police officers.
At all times relevant to this Complaint, the Defendant-Officers were acting in the course and
scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:** Defendants admit the allegations of this paragraph, but deny any wrongful or

illegal conduct.

6.      The Defendant-Officers are sued in their individual capacities.

**ANSWER:**  Defendants admit the allegations of this paragraph, but deny any wrongful or

illegal conduct.

7.      Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated
under the laws of the State of Illinois, and is the employer and principal of the Defendant-
Officers.

**ANSWER:**  Defendants admit the allegations of this paragraph, but deny any wrongful or

illegal conduct.

## Facts

8.      On or about April 28, 2007, Plaintiff was riding her bike on South Cottage Grove
Avenue in Chicago.

**ANSWER:** Defendants admit that on April 28, 2007, Plaintiff was riding her bike.

Defendants deny that Plaintiff was riding her bike on Cottage Grove Avenue. Answering further,

defendants state that Plaintiff was riding her bike on a sidewalk which runs along Cottage Grove

Avenue.

9.    Plaintiff rode her bike past Defendants DALEASON and DUARTE.  The Defendants shined a light on her.

**ANSWER:** Upon information and belief Defendants admit that plaintiff rode her bike

past them but deny shining a light on Plaintiff.

10.    Plaintiff asked the Defendant-Officers why they were doing that.

**ANSWER:**   Defendants deny the allegations of this paragraph.

11.    Defendant DUARTE told Plaintiff that they wanted to speak to her.

**ANSWER:** Defendants admit the allegations of this paragraph.

12.    Plaintiff asked them why.

**ANSWER:** Defendants admit the allegations of this paragraph.

13.    Defendant DALEASON then approached Plaintiff and asked here where she was going and who her bike belonged to.  DALEASON also asked Plaintiff her name and requested identification.

**ANSWER:**    Defendants admit the allegations of this paragraph.

14.    Plaintiff was seized and not free to leave.

**ANSWER:**  Defendants admit the allegations of this paragraph.

15.    Defendant-Officers did not have a reasonable suspicion of criminal activity or any other legal justification to seize Plaintiff.

**ANSWER:** Defendants deny the allegations of this paragraph.

16.    Plaintiff asked the Defendant-Officers what the problem was.

**ANSWER:** Defendants admit the allegations of this paragraph.

17.    DALEASON said he was looking for a stolen bike.

**ANSWER:**  Defendants deny the allegations of this paragraph.

18.    DALEASON asked Plaintiff if she had ever been arrested.

**ANSWER:**    Upon information and belief, Defendants admit the allegations of this

paragraph.

19.    DALEASON demanded that Plaintiff give him her cell phone.

**ANSWER:** Defendants deny the allegations of this paragraph.

20.    Plaintiff refused to give DALEASON her cell phone.

**ANSWER:** Defendants deny the allegations of this paragraph.

21.    DALEASON grabbed Plaintiff and threw her against his squad car.  DALEASON also pulled Plaintiff's left wrist behind her back and twisted on it.  DALEASON then threw plaintiff to the ground.

**ANSWER:** Defendants admit that Defendant Dalcason grabbed Plaintiff's wrists and pulled them behind her back when he handcuffed Plaintiff. Defendants deny the remaining allegations of this paragraph.

22.    Plaintiff tried to call 911 but DUARTE took Plaintiff's phone.

**ANSWER:** Defendants deny the allegations of this paragraph.

23.    DALEASON handcuffed Plaintiff and lifted her off the ground.

**ANSWER:** Defendants admit that Plaintiff was handcuffed but deny the remaining allegations of this paragraph.

24.    DALEASON intentionally put the handcuffs on Plaintiff excessively tight, which caused Plaintiff emotional distress and pain.

**ANSWER:** Defendants deny the allegations of this paragraph.

25.    Plaintiff was searched.  No contraband or evidence of criminal activity was found.

**ANSWER:** Defendants admit the allegations of this paragraph.

26.    Plaintiff was put in the back of a squad car.

**ANSWER:** Defendants admit the allegations of this paragraph.

27.    An officer in a white-shirt later arrived; he told Plaintiff that she was going to be charged for riding her bike on the sidewalk.

**ANSWER:** Defendants admit the allegations of this paragraph.

28.    Plaintiff was then transported to a police station.  She was later released and given her bike.

**ANSWER:** Defendants admit the allegations of this paragraph.

29.    First Plaintiff went home when she was released from police custody.  She later went to Jackson Park Hospital to get treatment for the injuries she received from the Defendant-Officers during the arrest.

**ANSWER:** Defendants lack sufficient information to form a belief as to the truth or

falsity of the allegations contained in this paragraph.

30.    Plaintiff was charged with riding her bike on a sidewalk.  The case was docketed in the Cook county Circuit Court as: City of Chicago v. Kim Stewart, citation number TM-586-649.

**ANSWER:** Defendants admit the allegations of this paragraph.

31.    The charges were false and malicious.  Plaintiff had not rode her bike on the sidewalk.

**ANSWER:** Defendants deny the allegations of this paragraph.

32.    Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

**ANSWER:**  Defendants deny the allegations of this paragraph.


33.    As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses.

**ANSWER:**  Defendants deny the allegations of this paragraph.

## COUNT I
### (42 U.S.C. § 1983 - Unreasonable Seizure)

34.    Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:** Defendants reassert their answers to paragraphs 1 through 33 as their answer

to paragraph 34, as if fully set forth herein.

35.    Defendant-Officers did not have a reasonable suspicion, supported by specific and articulable facts, that Plaintiff was about to commit a crime or had committed a crime.

**ANSWER:** Defendants deny the allegations of this paragraph.

36.    The seizure of Plaintiff without reasonable suspicion or any other legal justification violated her Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** Defendants deny the allegations of this paragraph.

Wherefore, Defendants respectfully request that this Court enter judgment in their favor as to Count I of Plaintiff's amended complaint, award Defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT II
### (42 U.S.C. § 1983 - Excessive Force)

37.    Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:**  Defendants reassert their answers to paragraphs 1 through 33 as their answer to paragraph 37, as if fully set forth herein.

38.    Defendant DALEASON violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendants deny the allegations of this paragraph.

Wherefore, Defendants respectfully request that this Court enter judgment in their favor as to Count II of Plaintiff's amended complaint, award Defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## COUNT III

**(42 U.S.C. § 1983 - Failure to Intervene)**

39.    Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:**  Defendants reassert their answers to paragraphs 1 through 33 as their answer to paragraph 39, as if fully set forth herein.

40.    While Plaintiff was subjected to excessive force as described above, DUARTE had an opportunity to intervene, but chose not to intervene.

**ANSWER:** Defendants deny the allegations of this paragraph.

41.    Defendant DUARTE was deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

**ANSWER:**   Defendants deny the allegations of this paragraph.

Wherefore, Defendants respectfully request that this Court enter judgment in their favor as to Count III of Plaintiff's amended complaint, award Defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**COUNT IV**
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

42.    The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendants deny the allegations of this paragraph.

43.    Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:** Defendants admit under the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago could be held potentially liable for compensatory damages in this case but deny any wrongful or illegal conduct on the part of the Defendant Officers. The City denies that it is liable for any judgment.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to Plaintiff's amended complaint, award Defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    Defendant Officers are entitled to qualified immunity. Defendant Officers are government officials, namely  police officers, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. Therefore, Defendant Officer is entitled to qualified immunity as a matter of law.

## JURY DEMAND

Defendants hereby demands a jury trial.


Respectfully submitted,


*Mary S. McDonald*
MARY McDONALD
Assistant Corporation Counsel
30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-8307
(312) 744-6566 (FAX)
ATTY. NO.: 06199995